IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                         Case Nos.:  3:11cr48/MCR/EMT
                                                                           3:14cv408/MCR/EMT

ZACHARY T. FREY

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's amended "Motion to Correct Sentence Under 28 U.S.C. § 2255" and memorandum in support thereof (ECF Nos. 69, 72). The Government filed a response (ECF No. 75), and Defendant filed a reply (ECF No. 78). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that, without regard to the Government's procedural arguments, Defendant's § 2255 motion should be denied on the merits without a hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND

Defendant was charged in a two-count indictment with assault on a federal law enforcement officer with a dangerous weapon in violation of 19 U.S.C. § 111(a)(1) and (b), and possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e) (ECF No. 1). The charges stemmed from Defendant's flight from law enforcement when they tried to effectuate an arrest pursuant to warrants from the state of Indiana. After engaging in a high speed chase with law enforcement, Defendant intentionally drove his vehicle head on and at a high rate of speed into the vehicle of Deputy U.S. Marshal Dominic Guadagnoli, who had attempted to block Defendant's path with his car. Officers located a semi-automatic handgun magazine in Defendant's vehicle, and believed that he had thrown the handgun out the window during the pursuit.

Represented by Assistant Federal Public Defender Tom Keith, Defendant pleaded guilty pursuant to a written plea agreement on August 30, 2011 (ECF Nos. 27–29).

A Presentence Investigation Report ("PSR") was prepared for sentencing (ECF No. 34). Defendant's combined multiple-count adjusted offense level of 30 was calculated based on an adjusted offense levels of 26 on Count One and 28 on

Count Two (ECF No. 34, PSR ¶¶ 40–59). With a three-level adjustment for acceptance of responsibility, his total offense level would have been 27, but for the application of the Chapter Four Armed Career Criminal Enhancement (ECF No. 34, PSR ¶¶ 60–61). Defendant qualified for the enhancement due to six prior Indiana convictions for Burglary of a Dwelling (ECF No. 34, PSR ¶¶ 62, 66). As such his total offense level, taking into account a three-level downward adjustment for acceptance of responsibility, was 30 (ECF No. 34, PSR ¶ 62). Defendant's criminal history category, which would have been III, became IV due to the application of the ACCA (ECF No. 34, PSR ¶ 69). Because of the 180-month statutory mandatory minimum term of imprisonment, the guideline range of 135 to 168 months became 180 months as to Count Two (ECF No. 34, PSR ¶ 108). The court sentenced Defendant to a term of 168-months' imprisonment on Count One and 180-months' imprisonment on Count Two, with the terms to run concurrently (ECF Nos. 36, 54).

Defendant appealed, and appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The Eleventh Circuit's independent examination of the record revealed no arguable issues of merit, and it affirmed Defendant's conviction and sentence on September 12, 2012 (ECF No. 58).

Defendant filed his initial pro se motion to vacate on July 30, 2014, pursuant to the prison mailbox rule.[1] He explained that he had missed the one year deadline to file the § 2255 motion but asked the court to accept the motion as timely filed pursuant to the "actual innocence doctrine" (ECF No. 60 at 12). Defendant separated his allegations into two claims for relief, each related to the application of the ACCA enhancement. He claimed that counsel was constitutionally ineffective because he failed to object to the separate consideration of his prior burglary offenses which had been grouped at both the indictment and sentencing phases, and to the application of the ACCA enhancement. In a well-reasoned response, filed October 27, 2014, the Government asserted that Defendant's claims were time barred, procedurally defaulted, and otherwise without merit (ECF No. 62).

In March of 2016, the Office of the Federal Public Defender filed a motion to be appointed to represent Defendant (ECF No. 67). Defendant's amended motion

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11TH Cir. 2014) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 3:11cr48/MCR/EMT; 3:14cv408/MCR/EMT

and memorandum in support thereof supersedes his previously filed motion (ECF No. 69, 72; N.D. Fla. Local Rule 15.1(A)). Defendant argues in his amended motion ("motion") that he is entitled to resentencing without the ACCA enhancement due to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government opposed Defendant's argument on the merits, while also maintaining that the petition is untimely and procedurally barred. Because there is recent case law directly on point, the court proceeds to the merits of Defendant's claim.

## ANALYSIS

Pursuant to the Armed Career Criminal Act, a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements or force clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii).

An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. Defendant argues that his six burglary convictions are no longer proper predicate offenses under the ACCA after *Johnson*.

In 2007 when Defendant was convicted of burglary, the statute provided:

> A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony. However the offense is:
>
> (1) a Class B felony if:
>    (A) It is committed while armed with a deadly weapon; or
>    (B) The building or structure is a:
>       (i) Dwelling; or
>       (ii) Structure used for religious worship; and
> (2) a Class A felony if it results in:
>    (A) Bodily injury; or
>    (B) Serious bodily injury; to any person other than a defendant

Ind. Code § 35-43-2-1 (2007). Defendant concedes that his Indiana burglary convictions were for Class B felonies (*See* ECF No. 72 at 5; ECF No. 60 (copies of judgments of conviction)). However, he contends that these prior convictions do

not qualify as violent felonies under either the elements/force clause or the enumerated offenses clause. Defendant maintains that the Indiana burglary statute is broader than generic burglary because its elements include entry into the area surrounding a structure. Defendant relies on the unpublished decision in *United States v. Handshoe*, Case No. 1:15cr00035-TLS-SLC, 2016 WL 4453242 (N.D. Ind. Aug. 24, 2016) ,which held that a Class C burglary conviction does not support an ACCA enhancement (*see* ECF No. 72-1, *Handshoe* opinion). He discounts the Government's reliance on a seemingly contrary decision of *United States v. Steele*, Case No. 2:04cr58-PPS, 2016 WL 6563666 (N.D. Ind. Nov. 4, 2016), *appeal docketed*, No. 17-1004 (7th Cir. Jan. 3, 2017), in part because the decision is currently under review by the Seventh Circuit, while *Handshoe* remains intact. In *Steele*, the district court denied a § 2255 motion in which defendant claimed that a Class C burglary conviction could not support an ACCA enhancement (*see* ECF No. 75-1, *Steele* opinion).[2] Neither case controls. On July 6, 2017, in a decision that is pending publication, the Seventh Circuit unequivocally held that a conviction

---

[2] The Seventh Circuit's PACER docket reflects that briefing was completed on July 10, 2017 in *Steele*. One more case addressing the Indiana burglary statute remains pending. *United States v. Schmutte*, Seventh Circuit Case No. 16-2176 (oral argument held on March 1, 2017, supplemental briefing completed April 6, 2017).

Case Nos.: 3:11cr48/MCR/EMT; 3:14cv408/MCR/EMT

under the Indiana burglary statute qualifies as a violent felony under the ACCA. *United States v. Perry*, No. 16-1635, 2017 WL 2871759 (7th Cir. Jul. 6, 2017).[3]

The *Perry* court, citing *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016), noted that determining whether burglary under state law is encompassed by § 924(e)(2)(B)(ii) is a categorical question that focuses on the statutory definition of the state crime. *Perry*, 2017 WL 2871759, at *1. It also noted that "if the [state] statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Perry*, 2017 WL 2871759, at *1 (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)). The court contrasted Florida's burglary statute, which is broader than generic burglary because it may be committed in unenclosed curtilage,[4] from Indiana's burglary statute, which "requires that the defendant enter a *wholly* enclosed area." *Perry*, 2017 WL 2871759, at *2. The Seventh Circuit noted that defendant Perry had not identified and it had not found "'any case in which [Indiana's] judiciary affirmed a [burglary] conviction that

---

[3] Defendant noted the pendency of the *Perry* decision in his reply memorandum (ECF No. 78 at 2 n.1).

[4] *See James v. United States*, 550 U.S. 192, 212 (2007) ("the including of curtilage takes Florida's underlying offense of burglary outside the definition of generic burglary") (internal quotation marks omitted).

penalized acts' inconsistent with the generic offense of burglary," and that as such Indiana burglary convictions were valid ACCA predicates. *Perry*, 2017 WL 2871759, at *3 (quoting *Yates v. United States*, 842 F.3d 1051, 1053 (7th Cir. 2016)). The court did not distinguish between the classes of burglary under Indiana law in its ruling.

Although not binding upon this court, the undersigned finds the Seventh Circuit's interpretation and analysis of the Indiana burglary statute to be sound. Therefore, the *Perry* decision is dispositive of the merits of this case. The ACCA enhancement remains proper in Defendant's case, he is not entitled to sentencing relief, and his amended § 2255 motion should be denied without a hearing.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.   The amended motion to vacate, set aside, or correct sentence (ECF No. 69) be **DENIED**.

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 12th day of July 2017.

>   /s/ *Elizabeth M. Timothy*
>   **ELIZABETH M. TIMOTHY**
>   **CHIEF UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:11cr48/MCR/EMT; 3:14cv408/MCR/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.