# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                          Case Nos.   3:11cr48/MCR/EMT
                                                        3:14cv408/MCR/EMT

ZACHARY T. FREY

_____/

## <u>ORDER</u>

This matter is before the Court on the Chief Magistrate Judge's Report and Recommendation dated July 12, 2017. *See* ECF No. 79. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Having conducted the required *de novo* review of Petitioner's objections, the Court finds that the Report and Recommendation should be adopted.[1]

_____

[1] Frey claims he is entitled to resentencing pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, and *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Supreme Court held that *Johnson* applies retroactively on collateral review. *See* ECF Nos. 69, 72. To prove a *Johnson* claim in the Eleventh Circuit when the sentencing record does not specify which clause of the ACCA formed the basis for a defendant's sentencing enhancement, the defendant bears the burden of proving that he was "more likely than not" sentenced under the residual clause. *Beeman v. United States*, -- F.3d --, 2017 WL 4210419, at *5 (11th Cir. Sept. 22, 2017). In this case, Frey has not even attempted to carry this burden and the parties seem to simply assume that the Court relied on the residual clause in sentencing him. No one raised any argument regarding application of the career offender guideline at Frey's sentencing; to the contrary, defense counsel expressly stated that Frey "qualif[ied]" for the ACCA sentencing enhancement based on "the number of *burglaries* that he had [been convicted of committing] on separate occasions." *See* ECF No. 54 at 5 (emphasis added). The Court has reviewed the docket in this case—including the Presentence Investigation Report, as well as the official transcripts for Frey's change of plea and sentencing hearings, ECF Nos. 34, 50, 54—and

To address Petitioner's substantive objection, the Court agrees with the Chief Magistrate Judge's conclusion that *United States v. Perry*, 862 F.3d 620 (7th Cir. 2017), though not binding authority in the Eleventh Circuit, is well-reasoned, highly persuasive and directly on point with the question presented in this case—whether Frey's Indiana burglary convictions qualify as "violent felonies" under the Armed Career Criminal Act ("ACCA"). In *Perry*, the Seventh Circuit answered this question in the affirmative, holding that Indiana's definition of burglary "is nearly identical to that of 'generic' burglary" and that Indiana's criminalization of entry into areas "*wholly* enclosed" by a fence does not take its burglary statute outside the definition of generic burglary for purposes of the ACCA. *See id.* at 622-23. No case in the Supreme Court or the Eleventh Circuit compels a different conclusion.

---

finds it questionable whether Frey actually was sentenced under the residual clause of the ACCA, given that his prior burglary convictions so clearly qualified as "violent felonies" under the ACCA's enumerated offenses clause. Nonetheless, in light of the posture of this case and the Chief Magistrate's Report and Recommendation resolving it on the merits, this Court has considered the substance of Frey's § 2255 motion. To the extent Frey has argued that his trial counsel was ineffective for failing to object to application of the career offender enhancement under the enumerated offense clause of the ACCA, his argument has no merit because the law supported application of that provision at the time he was sentenced. *See* ECF No. 60. To the extent Frey argues ineffective assistance of trial counsel for failing to object to the enhancement under the residual clause, his claim fails because *Johnson* had not yet been decided when he was sentenced. *See id.* Therefore, the residual clause was still valid and there would have been no legal basis for objecting to its application in Frey's case. *See e.g.*, *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (counsel not ineffective for failing to make an argument which, at the time, had it been made, would have had no legal support); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement).

Case No. 3:11cr48/MCR/EMT
Case No. 3:14cv408/MCR/EMT

Accordingly, it is **ORDERED**:

1.    The Chief Magistrate Judge's Report and Recommendation, ECF No. 79, is **ADOPTED** and incorporated by reference in this Order.

2.    Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255, ECF No. 69, is **DENIED**.

3.    Petitioner's request for a certificate of appealability is **DENIED**.

**DONE** and **ORDERED** this 25th day of September, 2017.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**